IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                              |   |                      |
|------------------------------|---|----------------------|
| SEMAHET D. YONI              | : |                      |
|                              | : |                      |
| v.                           | : | Civil No. DKC 18-0423 |
|                              | : |                      |
| HENRY P. STAWINSKI, III, et al. | : |                   |

**MEMORANDUM OPINION**

Plaintiff Semahet Yoni, a native and citizen of the Ivory Coast, entered the United States on November 11, 1999 with a visa waiver in B1 status. Plaintiff married on October 11, 2003. (ECF No. 1, at 3). On July 26, 2004, police responded to a domestic dispute between Plaintiff and his wife where police found Plaintiff severely injured. (ECF No. 1-7, at 3). The District Court for Prince George's County, Maryland, issued Plaintiff a Temporary Protective order against Plaintiff's wife on July 29 which was converted to a Final Protective Order on August 5. (ECF Nos. 1-3, 1-4).

Plaintiff then applied for a U Nonimmigrant Status Certification ("U-Visa"). A U-Visa grants nonimmigrant status to victims of certain crimes who are cooperating with law enforcement in the investigation or prosecution of those crimes. 8 U.S.C. § 1101(a)(15)(U). As part of the U-Visa application process, Plaintiff submitted Form I-918 Supplement B ("Form I-

918 B") to Prince George's County Police Department ("the Department"). Form I-918 B certifies Plaintiff's relevant criminal matter. An officer at the Department signed Plaintiff's Form I-918 B on December 26, 2013, and Plaintiff's U-Visa was approved by the Department of Homeland Security ("DHS") on December 3, 2014. (ECF Nos. 1, 1-5).

Three years after Plaintiff's U-Visa was approved, Plaintiff applied to change his immigration status and become a lawful permanent resident. The application required Plaintiff to submit a new Form I-918 B to the Department. Officials at the Department declined to sign Plaintiff's new Form I-918 B on November 6, 2017 because Plaintiff never initiated criminal proceedings against his wife. (ECF No. 7-2, at 2).

On February 12, 2018, Plaintiff filed a complaint seeking a writ of mandamus to compel Defendants Henry Stawinski, Chief of the Department, and Rodney Gause, a sergeant, to sign his new Form I-918 B. (ECF No. 1, at 7).[1] Defendants filed a motion to

---

[1] Although Plaintiff signed his complaint to proceed *pro se*, Plaintiff's summonses, civil cover sheet, and motion in opposition of Defendant's motion to dismiss all reference the Ryan Konan law offices. On June 5, 2018, this court issued notice to Mr. Konan stating that Local Rule 102.1.a.ii requires attorneys who have prepared any documents submitted for filing by a self-represented litigant must be members of the Bar of this Court and must sign the document. (ECF No. 11). On June 11, 2018, Mr. Konan responded saying that he represents Plaintiff in a separate immigration matter, and that Plaintiff has not retained Mr. Konan's law office in this matter.

dismiss for lack of jurisdiction on May 22, 2018. (ECF No. 7, at 3).[2]

Federal courts "do[] not have jurisdiction to grant mandamus relief against state officials." *In re Smith*, 724 F.App'x 220, 220 (4th Cir. 2018) (citing *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969)); *see, e.g.*, *Owens-El v. Maryland*, No. JKB-17-3057, 2017 WL 5257079, at *1 (Nov. 9, 2017) (dismissing for lack of jurisdiction a complaint seeking a writ of mandamus against non-federal entities); *Martin v. Maryland*, No. PJM-16-2706, 2017 WL 3315274, at *5 (D.Md. Aug. 3, 2017) (dismissing for lack of jurisdiction a complaint seeking a writ of mandamus against a state court). Accordingly, Plaintiff's complaint seeking a writ of mandamus against county police officials must be dismissed for lack of jurisdiction.[3]

_____

Plaintiff is thus regarded as proceeding *pro se* without Mr. Konan's assistance.

[2] Although Defendants labeled their motion as one seeking dismissal pursuant to Fed.R.Civ.P. 12(b)(6), it sought dismissal for lack of subject matter jurisdiction, and, therefore, it is properly construed pursuant to Fed.R.Civ.P. 12(b)(1).

[3] Even if jurisdiction existed, "mandamus cannot be used to compel the performance of discretionary duties," *Infinity v. Wiggins*, No. RDB-10-1359, 2010 WL 3167925, at *1 (D.Md. Aug. 9, 2010), and the decision to sign a Form I-918 B is discretionary. *Ordonez Orosco v. Napoliatno*, 598 F.3d 222, 226 (5th Cir. 2010); *see United States v. Biao*, 98-cr-2812-BTM, 2011 WL 607087, at *1 (S.D.Cal. Feb. 11, 2011) ("The decision of whether or not to

Plaintiff's response contends that courts can issue writs of mandamus in the U-Visa context because state officials are acting pursuant to power delegated by Congress. (ECF No. 10, at 5). This is a misstatement of the U-Visa process. The certification of U-Visas is exclusively the jurisdiction of the United States Citizenship and Immigration Services division of DHS. 8 C.F.R. § 214.14(c)(1). Form I-918 B is part of the initial evidence DHS uses to certify that a U-Visa "applicant has been a victim of qualifying criminal activity that the certifying official's agency is investigating or prosecuting[.]" 8 C.F.R. § 214.14(c)(2)(i). Under § 214.14(c)(2)(i), federal, state, or local law enforcement agencies investigating a crime pertaining to a U-Visa application can complete Form I-918 B, and DHS retains the sole authority to certify U-Visas. Thus, Plaintiff's argument is without merit.

For the foregoing reasons, the motion to dismiss filed by Defendants will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

issue certification to qualify for U Nonimmigrant status is discretionary.").